IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) LINDSEY B. KANNADY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. _____ |
| | ) |
| (2) DAVID L. BOREN, President of the University of Oklahoma; | ) ) |
| (3) UNIVERSITY OF OKLAHOMA BOARD OF REGENTS; | ) ) |
| (4) JEANNETTE POSTMAN, Risk Manager, Oklahoma Department of Central Services; | ) ) ) |
| (5) DEBORAH L. JAMES, Secretary of the Air Force; | ) ) |
| (6) JOHN M. MCHUGH; Secretary of the Army, | ) ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

1.  This is a civil action regarding events at the intersection of an epidemic of university campus sexual assaults and the inability of the United States' armed forces to effectively deal with sexual assaults and their aftermath in the ranks.[1] Defendants' actions and inactions contributed to

---

[1] Articles on the issues of campus sexual assault and the military's problems dealing with sexual assault are legion. See, for example: (a) Meredith Clark "Survivors Testify at Senate Hearing on Campus Sex Assault," June 26, 2014 available online at http://www.msnbc.com/msnbc/survivors-testify-senate-hearing-campus-sex-assault; and (b) Eliott C. McLaughlin "Military Chiefs Oppose Removing Commanders from Sexual Assault Probes," June 5, 2013 available online at http://www.cnn.com/2013/06/04/politics/senate-hearing-military-sexual-assault/ (quoting Senator Gillibrand saying the following to the Joint Chiefs: "You have lost the trust of the men and women

Plaintiff's brutal multi-day rape, and their conduct before-the-fact is thus inexcusable. However, their callous disregard of Plaintiff's rights following her rape amounted to an administrative rape that should shock the collective conscience of citizens of a civilized society.

2. Jurisdiction and venue of this Court are properly invoked under 28 USC §§1331, 1343, 1346, 1357, 1361, 1367, 1391, and 1402.

3. At all times relevant, Plaintiff Lindsey B. Kannady has resided in Norman, Oklahoma.

4. Defendant David L. Boren is President of the University of Oklahoma and resides in Norman, Oklahoma.

5. Defendant University of Oklahoma Board of Regents is an institution of higher education organized under the laws of the State of Oklahoma.

6. Defendant Jeannette Postman is employed as a risk manager at the Department of Central Services, and she is designated to receive tort claims against the State of Oklahoma.

7. Defendant Deborah L. James is the Secretary of the Air Force.

8. Defendant, John M. McHugh is the Secretary of the Army.

9. Plaintiff was a U.S. Army reservist and a cadet at the ROTC program at the University of Oklahoma.

---

who rely on you, that you will actually bring justice in these cases. They're afraid to report. They think their careers will be over.")

10. Plaintiff was brutally raped in November 2010. In this public Complaint the full details of the rape will not be recounted, but it lasted for multiple days, and it has left her with vaginal, anal and head injuries requiring surgical intervention, and which left her with lifelong effects. She is also currently receiving mental health treatment due to the rape, her work situation and the continuing trauma associated with the assault.

11. As a result of the rape, Plaintiff has suffered and continues to suffer from multiple surgeries and side effects of her injuries. This includes, but is not limited to, the implantation of separate devices to control her bladder incontinence and the seizure disorder that developed after the rape. As a result of her disabilities, Plaintiff is on several medications that have numerous side effects.

12. Plaintiff's attacker was a member of the U.S. Air Force who had been treated for a serious mental health condition and then prematurely released. Defendants knew or should have known that the attacker posed a serious risk to Plaintiff and others, but Defendants failed to act to prevent him from harming others.

13. After the rape, Plaintiff immediately notified her Army chain of command. No immediate action to protect Plaintiff's health and safety was taken by the Army after this notification. Instead of acting to protect Plaintiff, the U.S. Army attempted to suspend her security clearance and disenrolled Plaintiff from the ROTC program.

14. After being disenrolled from ROTC, Plaintiff was employed by the ROTC program as a civilian secretary. While employed as a civilian secretary, the Dean of University College, Dr. Doug Gaffin, had administrative control over Plaintiff; however she worked directly for Lieutenant Colonel Mark DePew, the Army ROTC program commander.

15. In the summer of 2012, Plaintiff filed a complaint against the Navy commander of the ROTC program (LTC DePew is the Army commander) for harassment of varying degrees. No meaningful actions were taken in response to this complaint.

16. Shortly thereafter, Dr. Gaffin began to retaliate against Plaintiff based on her limitations at work. LTC DePew would accommodate Plaintiff during the days when she would have side effects of her disabilities and medications, to include excessive pain and sleepiness. LTC DePew will state that Plaintiff was still able to adequately perform her duties. Dr. Gaffin disagreed with LTC DePew. As a result of the situation, Plaintiff stopped taking certain medications in fear of retaliation from Dr. Gaffin.

17. After she ceased taking her medications, Plaintiff had a life-threatening event while in her doctor's office.

18. Dr. Gaffin ultimately fired Plaintiff. Within two weeks after firing her, Dr. Gaffin offered Plaintiff her job back, but given the history of harassment by Gaffin, accepting the offer was impossible.

19. Globally, Defendants failed to act before the rape to secure necessary treatment for Plaintiff's attacker. After the rape, Defendants failed to reasonably accommodate Plaintiff's disabilities or to secure necessary treatment and recovery for her. Worse, Defendants terminated Plaintiff's employment, remove her health benefits, and actively undermined her efforts to recover.

20. Plaintiff presented a claim to the Air Force (AFLOA/JACC Claim No. 13-5505), and a March 28, 2014 letter from Hildegarde C. Perlstein of the Claims and tort Litigation Division denied Plaintiff's claim as it was narrowly construed in that letter.

## First Cause of Action
## Discrimination in Employment

21. Plaintiff restates and incorporates herein by reference the preceding and subsequent allegations of this Complaint.

22. At all times relevant, Defendants have engaged in unlawful employment practices in violation of Title VII by creating, permitting and condoning a severe and pervasive sexually hostile work environment.

23. Defendants failed to remedy the hostile work environment despite notice of same.

24. The effect of Defendants' discriminatory conduct has been to deprive the Plaintiff of equal employment opportunities because of her sex.

## Second Cause of Action

## Retaliation and Discharge

25. Plaintiff restates and incorporates herein by reference the preceding and subsequent allegations of this Complaint.

26. Defendants retaliated against Plaintiff for engaging in protected activity by harassing them, including but not limited to, eliminating workplace duties and responsibilities, and then terminating her in violation of Title VII.

27. The effect of Defendants' discriminatory conduct has been to deprive the Plaintiff of equal employment opportunities because of their sex.

## Third Cause of Action

## Denial of Constitutional Rights in Violation of Section 1981/ 1983

28. Plaintiff restates and incorporates herein by reference the preceding and subsequent allegations of this Complaint.

29. Defendants, acting under color of state law, deprived the Plaintiff of her constitutional rights. Specifically, Defendants denied equal protection to Plaintiff and, instead, discriminated against her based on her gender.

## Fourth Cause of Action

## Violation of Americans with Disabilities Act

30. Plaintiff restates and incorporates herein by reference the preceding and subsequent allegations of this Complaint.

31. Plaintiff suffers from a disability as a result of the rape. This disability physical or mental impairment that substantially limits one or more of Plaintiff's major life activities of an individual, has a record of such an impairment, and was and is regarded as having such an impairment.

32. Defendants were well aware of Plaintiff's disability, and Plaintiff repeatedly requested reasonable accommodations.

33. Plaintiff could, with reasonable accommodations, perform the essential functions of her job.

34. Plaintiff did not pose a direct threat to the health and safety of others, and the accommodations Plaintiff required would not have posed an undue hardship on Defendants.

35. Defendants unreasonably refused to provide Plaintiff with reasonable employment accommodations and, instead, unreasonably disenrolled her from ROTC and terminated her employment.

### Fifth Cause of Action

### Violation of Oklahoma Law:
### Hostile Work Environment and Sexual Discrimination

36. Plaintiff restates and incorporates herein by reference the preceding and subsequent allegations of this Complaint.

37. By subjecting Plaintiff to a sexually hostile and discriminatory working environment as set forth above, Defendants violated Oklahoma law and public policy.

7

38. The effect of Defendants' discriminatory conduct has been to deprive the Plaintiff of equal employment opportunities because of her sex.

39. By subjecting Plaintiff to retaliation and terminating them for engaging in protected conduct as set forth above, Defendants violated Oklahoma law and public policy.

40. The effect of Defendants' discriminatory and retaliatory conduct has been to deprive the Plaintiff of equal employment opportunities because of her sex.

### Sixth Cause of Action

### Violation of Oklahoma Law:

### Intentional Infliction of Emotional Distress

41. Plaintiff restates and incorporates herein by reference the preceding and subsequent allegations of this Complaint.

42. The foregoing unlawful employment practices were intentional, and/or committed with malice and/or with reckless indifference to the rights of the Plaintiff.

38. The foregoing unlawful employment practices, and Defendants' knowledge of and failure to remedy same, constituted extreme and outrageous conduct which caused severe emotional distress to Plaintiff.

WHEREFORE, the Plaintiff respectfully requests the following relief:

A.  An Order granting a permanent injunction enjoining Defendants and their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of sex;

B.  An Order requiring Defendants to institute and carry out policies, practices and programs that provide equal employment opportunities for present and future employees, and which eradicate the effects of the Defendants' past unlawful employment practices;

C.  An Order requiring Defendants to make whole the Plaintiff by providing the following remedies in amounts to be determined at trial: back pay, with prejudgment interest; out-of-pocket losses and other affirmative relief necessary to eradicate the effects of Defendants' unlawful employment practices; past and future pecuniary compensatory damages; past and future non-pecuniary compensatory damages, including but not limited to damages for emotional pain and suffering, humiliation, stress, and anxiety; front pay in lieu of reinstatement; and punitive damages;

D.  Plaintiff further seeks the costs of this action and reasonable attorney fees thereby incurred; and

E.  Such other legal and/or equitable relief as the Court deems appropriate.

Respectfully submitted,

*Edward L. White*

Edward L. White, OBA # 16549
Edward L. White, P.C.
825 East 33rd Street
Edmond, Oklahoma 73013
Telephone: (405) 810-8188
Facsimile:  (405) 608-0971
Email: ed@edwhitelaw.com

**ATTORNEY FOR PLAINTIFF**

**ATTORNEY LIEN CLAIMED**

**JURY TRIAL DEMANDED**