# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINDSEY B. KANNADY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-14-709-R |
| | ) |
| DAVID L. BOREN, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is the Motion to Dismiss Board of Regents of the University of Oklahoma and David L. Boren. Doc. No. 9. Plaintiff alleges in her Complaint that she was a "U.S. Army reservist and a cadet at the ROTC program at the University of Oklahoma" when she was raped in November 2010. Compl. ¶¶ 9, 10. She continues to suffer from physical injuries caused by the assault and is also undergoing mental health treatment. *Id.* at ¶¶ 10-11. After the rape, Plaintiff alleges that the Army disenrolled her from the ROTC program and gave her a position as a civilian secretary for the ROTC. *Id.* at ¶¶ 13-14. Plaintiff filed an internal complaint against the ROTC Navy Commander for harassment in the summer of 2012. *Id.* at ¶ 15. She alleges that after filing this complaint, the Dean of University College ("Dean") retaliated against her "based on her limitations at work" and eventually fired her. *Id.* at ¶¶ 16, 18. Plaintiff has brought six claims against Defendants: (1) hostile work environment under Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) retaliation under Title VII; (3) an equal protection violation under 42 U.S.C. §§ 1981, 1983; (4) failure to accommodate under the Americans with Disabilities

Act ("ADA"); (5) hostile work environment, sex discrimination, and retaliation in violation of Oklahoma law and public policy; and (6) intentional infliction of emotional distress under Oklahoma law. Compl. 5-8.

## Dismissal by Consent

Plaintiff consents to the dismissal of all claims against Defendant David Boren, of her state law claims against the State of Oklahoma *ex rel.* Board of Regents of the University of Oklahoma[1] ("Board of Regents"), and agrees not to pursue punitive damages against the Board of Regents. Doc. No. 19, at 5. Plaintiff also concedes that "[u]nder existing law the ADA claim is not validly made against State Defendants." *Id.* at 14. The Supreme Court held in *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356, 374 n.9 (2001), that "Congress did not validly abrogate the States' sovereign immunity from suit by private individuals for money damages under Title I." Despite citing this authority, Plaintiff still asks the Court "to modify or reverse existing precedent holding that Congress exceeded its constitutional authority in applying Title I of the ADA to the states." Doc. No. 19, at 14. To refresh Plaintiff's counsel's memory, "it is [the Supreme] Court's prerogative alone to overrule one of its precedents." *State Oil Co. v. Khan*, 522 U.S. 3, 20 (1997). Accordingly, Plaintiff's claims against Defendant Boren, her claim under the ADA against the Board of Regents, and her state law claims against the Board of Regents are dismissed.

---

[1] *See Garst v. Univ. of Oklahoma*, 38 P.3d 927, 928 n.1 (Okla. Civ. App. 2001).

# Title VII

## A. Discrimination Based on Sex

Plaintiff has sued Defendants for discrimination based on sex under Title VII. Compl. ¶¶ 21-24. Defendants argue that Plaintiff has not exhausted her administrative remedies for this claim because when filing a charge with the Equal Employment Opportunity Commission ("EEOC"), she did not allege this type of discrimination. Doc. No. 9, at 13-14. The Court agrees.

Title VII requires plaintiffs to exhaust their administrative remedies prior to filing suit, and administrative exhaustion is a jurisdictional prerequisite to suit. *Bertsch v. Overstock.com*, 684 F.3d 1023, 1030 (10th Cir. 2012). To properly exhaust, Plaintiff must file a Charge of Discrimination with the EEOC within 300 days of the alleged unlawful act. *Riley v. Tulsa Cnty. Juvenile Bureau ex rel. Tulsa Cnty. Bd. of Comm'rs*, 421 F. App'x 781, 783 (10th Cir. 2010) (unpublished) (citing 42 U.S.C. § 2000e-5(e)(1)).

Plaintiff attaches two charges that she filed with the EEOC to her response to Defendants' motion to dismiss. *See Morrison v. Kache*, 576 F. App'x 715, 716 (10th Cir. 2014) (unpublished) (noting that a court may consider documents outside the pleadings when determining subject matter jurisdiction without converting the motion to dismiss into a motion for summary judgment). The first is a fax sent to the EEOC in May 2013 ("May 2013 Charge"), Doc. No. 19, Ex. 2, and the second is a Charge received by the EEOC in July 2013 ("July 2013 Charge"), Doc. No. 19, Ex. 3.

The May 2013 Charge was sent by Plaintiff's brother, her legal guardian, on her behalf. Doc. No. 19, Ex. 2. It includes the EEOC Intake Questionnaire that her brother

had filled out on Plaintiff's behalf earlier that month. Doc. No. 19, Ex. 2, at 3. On that Questionnaire, in response to the question, "What is the reason (basis) for your claim of employment discrimination?", only the boxes labeled "Disability" and "Retaliation" are checked. *Id.* at 4. These boxes are also the only ones checked on the July 2013 Charge. Doc. No. 19, Ex. 3. In neither Charge is the box labeled "Sex" checked. Although not determinative, "[t]he failure to mark a particular box creates a presumption that the charging party is not asserting claims represented by that box." *Jones v. U.P.S.*, 502 F.3d 1176, 1186 (10th Cir. 2007) (citing *Gunnell v. Utah Valley State College*, 152 F.3d 1253, 1260 (10th Cir. 1998)). This presumption can be overcome by a narrative statement included with the Charge that "clearly sets forth the basis of the claim." *Id.* (citing *Gunnell*, 152 F.3d at 1260).

In the Questionnaire included in the May 2013 Charge, in response to the question, "What happened to you that you believe was discriminatory?", Plaintiff's brother wrote that she was fired. Doc. No. 19, Ex. 2, at 4. In a letter also included in the Charge, her brother wrote that Plaintiff had been sexually assaulted and was working as a secretary after being "dropped" from the ROTC program "due to her extensive physical injuries." *Id.* at 7. He wrote that due to her assault, she "has suffered and continues to suffer from multiple surgeries and side effects of her injuries," and "is on several medications that have numerous side effects." *Id.* He further wrote that Plaintiff filed a complaint against the ROTC Navy Commander for "harassment of varying degrees," and "[s]hortly thereafter, [the Dean of University College] began to retaliate against [her] based on her limitations at work." *Id.* He wrote that the Dean did not think that Plaintiff

4

could adequately perform her duties, and that he ultimately fired Plaintiff. *Id.* Finally, he wrote, "Given the collective effect of all of these events, to include the disability discrimination and retaliation by [the Dean], she is receiving intensive treatment and her ability to return to a normal work schedule may be significantly impaired." *Id.* at 8.

In the July 2013 Charge, Plaintiff stated that she was harassed by the Navy Commander, she filed an internal complaint for the harassment, and that the Dean retaliated against her. Doc. No. 19, Ex. 3. She stated that "[n]o reason was given for the harassment," and she thinks that the Dean "will state [she] was not adequately performing [her] job duties." *Id.* Finally, Plaintiff stated that she believes she has been retaliated against for complaining of discrimination, and that she has been "discriminated against because of a disability." *Id.*

The narratives Plaintiff and her brother provided in the two Charges do not rebut the presumption that she was not asserting a claim for sex discrimination. "A reasonable reader would understand that her mention of [sexual assault and harassment] was merely a prelude, an explanation leading up to the gist of her complaint of retaliation" and disability discrimination. *Gunnell*, 152 F.3d at 1260. Because Plaintiff did not give the EEOC notice of a claim for discrimination based on sex, *see Jones*, 502 F.3d at 1185 (noting that one of the purposes of exhaustion is to "give the EEOC an opportunity to conciliate the claim"), she failed to exhaust her administrative remedies with regard to her claim for a hostile work environment under Title VII. Plaintiff's claim for

5

discrimination based on sex is thus dismissed, due to a lack of subject matter jurisdiction.[2]

**B. Retaliation**

Plaintiff has also brought a claim for retaliation under Title VII. Compl. ¶¶ 25-27. She alleges that Defendants eliminated her workplace duties and ultimately terminated her for complaining about harassment. *Id.* ¶ 26. Defendants argue that Plaintiff filed her EEOC Charge too late, and thus has not exhausted administrative remedies for this claim. Doc. No. 9, at 3. In her July 2013 Charge, she alleged that she was terminated on August 6, 2012. Doc. No. 19, Ex. 3. This means that the EEOC must have received Plaintiff's Charge by June 3, 2013. *See* 29 C.F.R. § 1601.13(a)(4)(ii)(A) ("[T]he charge is deemed to be filed with the Commission upon receipt of the document."). The EEOC received the July 2013 Charge on July 1, 2013, after the June 3 deadline. Doc. No. 19, Ex. 3.

But Plaintiff's first Charge was faxed to the EEOC on May 22, 2013, before the June 3 deadline. Doc. No. 19, Ex. 2. Defendants argue that this Charge "did not preserve her rights." Doc. No. 9, at 13. First, a Charge must be in writing, signed, and verified. 29 C.F.R. § 1601.9. The May 2013 Charge is written and signed, but not verified. Nevertheless, a Charge "may be amended to cure technical defects or omissions, including failure to verify the charge," and "amendments related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received." *Id.* § 1601.12(b). Because the July 2013 Charge was verified, and its

---

[2] Plaintiff seeks leave to amend her Complaint if her allegations "are inadequate in any regard." Doc. No. 19, at 14. The Court declines to grant Plaintiff leave to amend the Complaint to support a claim for discrimination based on sex because any such amendment would be futile, given that Plaintiff has not exhausted her administrative remedies for this claim.

allegations grow out of those in the earlier Charge, the July 2013 verification relates back to the May 2013 Charge. *See Peterson v. Wichita, Kansas*, 888 F.2d 1307, 1308-09 (10th Cir. 1989).

Second, if a Charge is written, signed, and verified, it satisfies the EEOC's requirements when it is "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b). Defendants argue that the May 2013 Charge does not allege "a single discrete act." Doc. No. 9, at 13. The Charge does allege that Plaintiff was fired on August 6, 2012. Doc. No. 19, Ex. 2, at 4. Therefore, the Charge was timely brought based on the discrete act of termination. The Charge also states that the Dean retaliated against Plaintiff based on her work limitations, but it does not provide any details regarding these particular retaliatory acts, including when they occurred. *Id.* at 7.

The Court liberally construes charges filed with the EEOC to determine if plaintiffs have exhausted administrative remedies. *Denetclaw v. Thoutt Brothers Concrete Contractors, Inc.*, 287 F. App'x 17, 21 (10th Cir. 2008) (unpublished) (citing *Jones*, 502 F.3d at 1187)). It is clear from the May 2013 Charge that Lindsey Kannady is complaining about retaliation from the Dean of University College "based on her limitations at work" shortly after she filed an internal complaint about harassment. Doc. No. 19, Ex. 2, at 7. Applying a liberal construction, these allegations are sufficient to put the EEOC on notice of retaliatory actions occurring prior to Plaintiff's termination. *Cf. Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1195-96 (10th Cir. 2004) (finding allegations in a Charge sufficient when they "identify the people complaining," identify who "is

being complained about," "describe generally the problem—age discrimination," and refer to a particular date").

Although Plaintiff's allegations in the May 2013 Charge were sufficient to put the EEOC on notice of additional retaliatory acts prior to her termination, if Plaintiff seeks to pursue her Title VII retaliation claim for these acts, she must demonstrate that her May 2013 Charge was timely for each discrete event. *See Davidson v. Am. Online, Inc.*, 337 F.3d 1179, 1184 (10th Cir. 2003) ("[P]laintiffs are now expressly precluded from establishing a continuing violation exception for alleged discrete acts of discrimination occurring prior to the limitations period, even if sufficiently related to those acts occurring within the limitations period." (citation omitted) (referring to *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)). To proceed on claims for any discrete acts of retaliation that occurred prior to the alleged termination on August 6, 2012, Plaintiff must allege facts demonstrating that the May 2013 Charge was filed within 300 days of each alleged retaliatory act. *See Morgan*, 536 U.S. at 113 ("Each discrete discriminatory act starts a new clock for filing charges alleging that act.").

Plaintiff does not allege in her Complaint that she has exhausted all of her administrative remedies, including that she filed suit within ninety days of receiving a right-to-sue letter from the EEOC. *See Rodriguez v. Wet Ink, LLC*, 603 F.3d 810, 812 (10th Cir. 2010) (citing 42 U.S.C. § 2000e-5(f)(1)). Because exhaustion is a jurisdictional requirement, Plaintiff has not satisfied Federal Rule of Civil Procedure Rule 8(a)(1), which requires "a short and plain statement of the grounds for the court's jurisdiction." Thus, her claim for retaliation under Title VII is dismissed. Plaintiff is, however, granted

leave to amend her Complaint to properly allege jurisdiction in accordance with the analysis set out above. *See Garman v. Campbell Cnty. Sch. Dist. No. 1*, 630 F.3d 977, 983 (10th Cir. 2010) ("Federal courts permit amendment of complaints to cure defects in pleading jurisdiction.").[3]

### 1981/1983

Defendants argue that the Board of Regents is immune from liability under Sections 1981 and 1983. Doc. No. 9, at 19. Plaintiff does not dispute that the Board of Regents is entitled to Eleventh Amendment immunity with regard to this claim, but rather seeks leave to amend her Complaint to add individuals in their official capacity as defendants so that she can pursue prospective injunctive relief against them. Doc. No. 19, at 13-14. Plaintiff's Sections 1981 and 1983 claims against the Board of Regents are thus dismissed, but Plaintiff may amend her Complaint to add additional defendants.

### Conclusion

In accordance with the foregoing, Defendants' motion to dismiss [Doc. No. 9] is GRANTED. Plaintiff is granted leave to amend her Complaint to properly allege jurisdiction, to add defendants, and to plead additional facts to support claims for retaliation under Title VII and claims under Sections 1981 and 1983.

IT IS SO ORDERED this 5th day of December, 2014.



DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[3] Defendants argue that Plaintiff is unable to show a valid abrogation of the State's immunity for her retaliation claim. Doc. No. 9, at 32. Contrary to Defendants' contention, the Tenth Circuit held in *Crumpacker v. Kansas Department of Human Resources*, 338 F.3d 1163, 1166 (10th Cir. 2003), that Congress validly abrogated the States' Eleventh Amendment immunity from Title VII retaliation claims.