# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LINDSEY B. KANNADY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-14-709-R |
| | ) |
| **UNIVERSITY OF OKLAHOMA** | ) |
| **BOARD OF REGENTS, et al.,** | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is the Motion to Dismiss Board of Regents of the University of Oklahoma and Dean Doug Gaffin, Doc. No. 37, the Federal Defendants' Motion to Dismiss, Doc. No. 43, Lieutenant Colonel Depew's Motion to Dismiss, Doc. No. 44, and Captain Rodney Clark's Motion to Dismiss, Doc. No. 45.[1] In December 2014 the Court granted Defendants' motion to dismiss and provided Plaintiff leave to amend her Complaint. Order, Doc. No. 23, at 9. Plaintiff filed an Amended Complaint on February 24, 2015. Doc. No. 27.

### I. Background

In her Amended Complaint, Plaintiff alleges she was a "U.S. Army reservist, a cadet in the Army ROTC program and a student at the University of Oklahoma" when she was raped in November 2010. Am. Compl. ¶¶ 13, 15. She continues to suffer from physical injuries caused by the assault and is also undergoing mental health treatment. *Id.* at ¶¶ 15-16. In January 2012, while still a cadet, she began work for the ROTC as a

---

[1] The Court will refer to Secretaries James, McHugh, and Mabus, Jr. as the "Federal Defendants," the University of Oklahoma Board of Regents and Dean Gaffin as the "State Defendants," and Defendants Clark, Depew, and Dean Gaffin as the "Individual Defendants."

civilian secretary. *Id.* at ¶ 21. Although Dean Gaffin had "administrative control" over her, Plaintiff's immediate supervisor was LTC Depew, "the Army ROTC program commander and her current and former detachment commander." *Id.* The same month she began work she filed a complaint with the University's Equal Opportunity Office alleging a hostile work environment, specifically that there were rumors she was having sex with her male coworkers, including her supervisor, Defendant Depew. *Id.* at ¶¶ 23-24. She alleges the University had Defendants Clark and Depew investigate her complaint, even though they were "potential witnesses and alleged perpetrators." *Id.* at ¶ 25. Dean Gaffin subsequently fired Plaintiff, but she accepted an offer to return to work two weeks later. *Id.* at ¶ 32. Plaintiff continued to work under the supervision of Depew, and suffered from continued "harassment, retaliation, and discrimination by the University and the military, specifically by LTC Depew and Capt. Clark, eventually leading to her mental incapacitation and subsequent guardianship." *Id.*

In March 2013, Plaintiff's brother and sister-in-law were appointed as her co-guardians. *Id.* at ¶ 27. On May 22, 2013, one of her co-guardians filed a charge with the Equal Employment Opportunity Commission ("EEOC") on behalf of Plaintiff "alleging harassment of varying degrees" by Defendants Clark and Depew, as well as "discrimination and retaliation." *Id.* ¶ 28. She alleges after this charge was filed, the State and Individual Defendants "began to retaliate against [her] based on her limitations caused by her disabilities at work." *Id.* at ¶ 29. Such disabilities included bladder incontinence and a seizure disorder that developed after her rape. *Id.* at ¶ 29. Although Depew would accommodate Plaintiff and believed she could still perform her duties,

Dean Gaffin disagreed. *Id.* at ¶ 30. Plaintiff stopped taking certain medications out of fear of retaliation from Gaffin, which caused her to have a "life-threatening event in her doctor's office." *Id.* at ¶ 31. One of her co-guardians filed another EEOC Charge on her behalf on July 1, 2013 alleging "discrimination, sexual harassment and retaliation against Capt. Clark for harassment and Dr. Gaffin for retaliation in violation of Title VII of the Civil Rights Act of 1964 and discrimination in violation of The Americans with Disabilities Act of 1990." *Id.* at ¶ 33.

Plaintiff has named seven defendants in this action: (1) the University of Oklahoma Board of Regents ("the University"), (2) Deborah James, Secretary of the Air Force, (3) John McHugh, Secretary of the Army, (4) Ray Mabus, Jr., Secretary of the Navy, (5) Lieutenant Colonel Mark Depew, former Commander of the Army ROTC at the University of Oklahoma, (6) Captain Rodney Clark, former Commander of the Naval ROTC at the University of Oklahoma, and (7) Dr. Doug Gaffin, Dean of University College. *Id.* at 1. The Amended Complaint lists three claims: (1) retaliation for engaging in protected activity under Title VII, (2) denial of her right to equal protection by Federal Defendants and Individual Defendants in violation of 42 U.S.C. §§ 1981 and 1983, and (3) Federal Defendants' failure to accommodate in violation of the Americans with Disabilities Act. *Id.* at ¶¶ 39-50.[2] Defendants have moved to dismiss all of Plaintiff's

---

[2] Plaintiff asserts in her briefing that she has alleged a claim for a hostile work environment. Doc. No. 48, at 19 ("Plaintiff alleges that Defendants violated Title VII by creating, permitting and condoning a severe and pervasive sexually hostile work environment."). But the Court found in its prior Order that Plaintiff failed to exhaust her administrative remedies with regard to a claim for a hostile work environment under Title VII by failing to give the EEOC notice of a claim for sex discrimination. Doc. No. 23, at 5. Plaintiff has not provided the Court with any new argument or evidence warranting a different decision as applied to the Amended Complaint. Therefore, Plaintiff is still precluded from bringing a claim for sex discrimination in violation of Title VII.

claims for lack of jurisdiction and for failure to state a claim upon which relief may be granted. Having considered the parties' submissions, the Court grants the motions and provides Plaintiff an opportunity to file a second amended complaint.

## II. Standards of Review

### A. Lack of Jurisdiction

"[T]he party invoking federal jurisdiction bears the burden of establishing its existence." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998) (citation omitted). A party may move for the dismissal of a claim for lack of subject matter jurisdiction under Rule 12(b)(1). This motion generally takes the form of a facial attack or a factual attack. *Paper, Allied-Indus., Chem. & Energy Workers Int'l Union v. Cont'l Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005). With a facial attack, the movant challenges the sufficiency of the complaint, and the Court must accept the allegations in the complaint as true. *Id.* In a factual attack, the movant challenges the facts supporting subject matter jurisdiction in the complaint. *Id.* In this case, "the court must look beyond the complaint and has wide discretion to allow documentary and even testimonial evidence." *Id.*

### B. Failure to State a Claim

In considering a motion under Rule 12(b)(6), the Court must determine whether the plaintiff has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when the complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to

relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555, 570 (citation omitted). For the purpose of making the dismissal determination, the Court accepts all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and construes the allegations in the light most favorable to the claimant. *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

## I. State Defendants' Motion

### A. Dismissal by Consent

Plaintiff has sued the State Defendants for retaliation in violation of Title VII and Dean Gaffin for violating her right to equal protection in violation of §§ 1981 and 1983. Plaintiff consents to the withdrawal of her request for punitive damages against the State Defendants and to the dismissal of her Title VII claim against Dean Gaffin. Doc. No. 48, at 10. Remaining for the Court to decide are Plaintiff's Title VII claim against the University and her §§ 1981 and 1983 claims against Dean Gaffin.

### B. Title VII

The University of Oklahoma argues the allegations in the Amended Complaint do not sufficiently support exhaustion of administrative remedies for her Title VII retaliation claim. It contends Plaintiff has not alleged the dates of any acts of retaliation and therefore it is impossible to determine whether an EEOC Charge was filed within 300 days of an alleged retaliatory act. Doc. No. 37, at 10-12; Doc. No. 56, at 4. Title VII requires plaintiffs to exhaust their administrative remedies prior to filing suit. *See Gad v. Kansas State Univ.*, 787 F.3d 1032, 1036 (10th Cir. 2015). To properly exhaust, Plaintiff

must file a Charge of Discrimination with the EEOC within 300 days of the alleged unlawful act. *Riley v. Tulsa Cnty. Juvenile Bureau ex rel. Tulsa Cnty. Bd. of Comm'rs*, 421 F. App'x 781, 783 (10th Cir. 2010) (unpublished) (citing 42 U.S.C. § 2000e-5(e)(1)).

In its prior Order, the Court stated, "if Plaintiff seeks to pursue her Title VII retaliation claim for these acts, she must demonstrate that her May 2013 Charge was timely for each discrete event." Doc. No. 23, at 8 (citing *Davidson v. Am. Online, Inc.*, 337 F.3d 1179, 1184 (10th Cir. 2003) ("[P]laintiffs are now expressly precluded from establishing a continuing violation exception for alleged discrete acts of discrimination occurring prior to the limitations period, even if sufficiently related to those acts occurring within the limitations period.")). Plaintiff contends she alleged Dean Gaffin fired her on August 6, 2012, 289 days before her first EEOC complaint was filed on May 22, 2013. Doc. No. 48, at 14. In support of this assertion she cites to her Amended Complaint and this Court's prior Order. *Id.* In her Amended Complaint, Plaintiff alleges only that "Dr. Gaffin ultimately fired Plaintiff." Am. Compl. ¶ 32. There is no date of termination in the Amended Complaint. The date of August 6 referenced in this Court's prior Order came from Plaintiff's July 2013 Charge filed by Plaintiff in response to Defendants' first motion to dismiss, Order, Doc. No. 23, at 6 (citing Doc. No. 19, Ex. 3), which is not attached to the Amended Complaint. Consequently, that date may not serve as the basis for Plaintiff's timely filing of an EEOC Charge.

Plaintiff further argues that being subjected to supervision by a "sexual predator" when she was rehired two weeks after her termination and the continued spreading of rumors also constitute discrete acts "well within the 300 days before the filing of her

6

initial EEOC complaint." Doc. No. 48, at 14, 16. But because Plaintiff does not allege the date of her termination in her Amended Complaint, the Court is unable to conclude, based solely on her allegations, that she was placed under Defendant Depew's supervision or had rumors spread about her within 300 days of her May 2013 Charge. The Court finds Plaintiff has not sufficiently alleged exhaustion of her administrative remedies for her Title VII retaliation claim, and therefore dismisses this claim.[3]

### C. Sections 1981 & 1983

Dean Gaffin contends Plaintiff fails to state a claim against him under either § 1981 or § 1983. Doc. No. 37, at 18. First, the Court dismisses Plaintiff's § 1981 claim against Dean Gaffin because "[s]ection 1981 does not apply to sex or religious discrimination," *Shapolia v. Los Alamos Nat'l Lab.*, 992 F.2d 1033, 1036 n.3 (10th Cir. 1993) (quoting *Manzanares v. Safeway Stores, Inc.*, 593 F.2d 968, 971 (10th Cir. 1979)), and Plaintiff's only basis for the § 1981 claim is sex discrimination, Am. Compl. ¶ 43. With regard to her § 1983 claim, Dean Gaffin argues "Plaintiff fails to include anything to allow Dean Gaffin to identify what conduct forms the basis of the … 1983 [claim] against him." Doc. No. 37, at 18. In response, Plaintiff contends she alleged Dean Gaffin discriminated against her because of her sex in violation of the equal protection clause of the Fourteenth Amendment. *See* Doc. No. 48, at 23-24. Even construing the allegations in the light most favorable to Plaintiff, the Amended Complaint does not state a claim to

---

[3] Because Plaintiff has failed to sufficiently allege exhaustion of administrative remedies, the Court does not address the University's argument that Plaintiff has not adequately alleged the elements of a retaliation claim. *See* Doc. No. 37, at 12-16.

relief under § 1983 for sex discrimination on the part of Dean Gaffin that is plausible on its face.

Plaintiff alleges Defendant Gaffin, as the Dean of University College, had "administrative control" over her in her position as a civilian secretary beginning in January 2012. Am. Compl. ¶ 21. According to the Amended Complaint, Dean Gaffin fired Plaintiff, but Plaintiff does not allege the date of termination or the reason for the termination. *Id.* at ¶ 32. When she returned to work, she "was subjected to renewed harassment, retaliation, and discrimination by the University and the military, specifically by LTC Depew, and Capt. Clark, eventually leading to her mental incapacitation and subsequent guardianship" in March 2013. *Id.* at ¶¶ 27, 32. After filing her initial EEOC Charge alleging "harassment of varying degrees" in May 2013, the State and Individual Defendants, including Dean Gaffin, "began to retaliate against [her] based on her limitations caused by her disabilities at work." *Id.* at ¶¶ 12, 28-29. Although Defendant Depew believed she "was still able to adequately perform her duties," Dean Gaffin disagreed. *Id.* at ¶ 30.

Even taking the allegations in the Amended Complaint as true, it is not plausible that Dean Gaffin discriminated against Plaintiff because of her sex. Any such contention is purely speculative. Plaintiff may not rely on her conclusory statement that she "was subjected to renewed harassment, retaliation, and discrimination by the University," Am. Compl. ¶ 32, to state a claim under § 1983 for sex discrimination against Dean Gaffin without supporting factual allegations.

In response to Dean Gaffin's argument that he is entitled to qualified immunity on her § 1983 claim, Plaintiff contends her allegations "could be read to allege a substantive due process claim." Doc. No. 48, at 25. "Substantive due process arises from the Fourteenth Amendment's protections against governmental deprivations 'without due process of law.'" *Williams v. Berney*, 519 F.3d 1216, 1220 (10th Cir. 2008) (quoting U.S. CONST. amend. XIV, § 1). For government conduct to constitute a constitutional deprivation, as opposed to a common law tort, it must "shock the conscience." *Id.* Plaintiff's allegations do not meet that test.

Plaintiff alleges that in January 2012 she filed an internal complaint alleging a "hostile work environment including sexual harassment and discrimination specifically, multiple incidents of rumors involving allegations regarding her alleged sexual activity, (i.e. that she was having sexual intercourse with her male co-workers)." Am. Compl. ¶ 23. She further alleges that the University investigation of her complaint included Defendants Clark and Depew, who were "potential witnesses and alleged perpetrators." *Id.* at ¶ 25. Plaintiff contends having these individuals investigate a complaint of their own alleged harassment "does shock the conscience." Doc. No. 48, at 25.

The Court looks to an opinion from the Tenth Circuit for assistance in determining whether such conduct "shocks the conscience." In *Abeyta By and Through Martinez v. Chama Valley Independent School District, No. 19*, 77 F.3d 1253, 1254-55 (10th Cir. 1996), the Circuit addressed allegations that a teacher, Peter Casados, read aloud to his class a note written by a twelve-year-old female student to a boy in another class that read "You're cute … I like you," and was signed "Always, Stephanie." According to the

complaint, the teacher asked the class if they thought she was a prostitute, called the young girl a prostitute for six weeks, and permitted her classmates to taunt her for several months until she left school. *Id.* at 1255-56. The Court repeated its prior holding that "when a school official's conduct is shocking to the conscience, brutal, or offensive to human dignity, it offends the Due Process Clause." *Id.* at 1256 (citation omitted).

In *Abeyta*, however, the Circuit held that the alleged conduct did not reach the level of being "a brutal and inhuman abuse of official power literally shocking to the conscience," whether that conduct was done "with indifference or with deliberate intent to cause psychological harm." *Id.* at 1257-58 (quoting *Hall v. Tawney*, 621 F.2d 607, 613 (4th Cir. 1980)). The Circuit determined it "must leave plaintiff to whatever relief statutory or state tort law may afford her," because "[a] substantive due process violation must be something more than an ordinary tort to be actionable under § 1983." *Id.* If a teacher repeatedly calling a twelve-year-old girl a prostitute and "turn[ing] a deaf ear as other students follow the teacher's example" does not constitute a substantive due process violation, *id.* at 1258, neither does turning a deaf ear to Plaintiff's complaint that people were spreading rumors about her having sex with her male co-workers by assigning the alleged harassers to investigate.[4] Plaintiff's § 1983 claim against Dean Gaffin is dismissed for failure to state a claim.[5]

---

[4] Plaintiff writes in response to State Defendants' motion to dismiss that she "was in an impossible situation being supervised by a much older man who was taking physical advantage of her." Doc. No. 48, at 17. But the Amended Complaint alleges that Plaintiff complained only "that rumors were being circulated about [her] having a sexual relationship with her supervisor" and other male coworkers, and that Capt. Clark "start[ed] the rumors or at a minimum propagate[ed] the rumors to his cadre, which were then disseminated to the midshipmen." Am. Compl. ¶¶ 23-25. Therefore, the Court does not consider this additional allegation contained in her brief in its analysis of her potential substantive due process claim.

[5] Because Plaintiff fails to state a claim under § 1983 against Dean Gaffin, the Court does not address the issue of qualified immunity. *See Abeyta*, 77 F.3d at 1258. The Court also does not address the issue of the

## I. Federal Defendants', Clark's, and Depew's Motions

### A. Dismissal by Consent

Plaintiff has sued the Federal Defendants and Defendants Clark and Depew for retaliation in violation of Title VII and violating her right to equal protection in violation of §§ 1981 and 1983, and the Federal Defendants for failure to accommodate in violation of the Americans with Disabilities Act ("ADA"). She concedes to the dismissal of her ADA claim against all Federal Defendants. Doc. No. 47, at 15 n.2. She states she should have pled a violation of the Rehabilitation Act, 29 U.S.C. § 791. *Id.* Plaintiff also consents to the withdrawal of her request for punitive damages against Federal Defendants and to the dismissal of any § 1981 or § 1983 claim against the Federal Defendants. Doc. No. 47, at 7. She concedes the lack of personal liability under Title VII or under the Rehabilitation Act, and therefore consents to the dismissal of those claims against Defendants Clark and Depew. *Id.* Remaining for the Court to analyze are Plaintiff's Title VII and Rehabilitation Act claims against the Federal Defendants and her § 1983 claims against Defendants Clark and Depew.[6]

### B. Feres Doctrine

Federal Defendants and Defendants Clark and Depew argue the Court lacks subject matter jurisdiction over all of Plaintiff's claims against them because they are barred by the doctrine of intra-military immunity. Doc. No. 43, at 17; Doc. No. 44, at 6; Doc. No. 45, at 5-6. "The question of whether sovereign immunity exists is jurisdictional

---

statute of limitations on Plaintiff's § 1983 claim.
[6] For the same reason the Court dismisses Plaintiff's § 1981 claim against Dean Gaffin, the Court also dismisses this claim against Defendants Clark and Depew. *See* Section III(C).

in nature." *Ortiz v. U.S. ex rel. Evans Army Cmty. Hosp.*, 786 F.3d 817, 820 (2015) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (internal quotation marks omitted). Defendants' assertion of intra-military immunity takes the form of a facial attack on the sufficiency of the allegations supporting subject matter jurisdiction. Therefore, the Court takes all allegations in the Amended Complaint as true.

In *Feres v. United States*, 340 U.S. 135, 146 (1950), the Supreme Court created a judicial exception to the waiver of sovereign immunity in the Federal Tort Claims Act ("FTCA"), holding that the federal government cannot be liable under the FTCA "for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." The Supreme Court later extended the *Feres* doctrine in *Chappell v. Wallace*, 462 U.S. 296, 305 (1983), to bar constitutional claims. *Newton v. Lee*, 677 F.3d 1017, 1024 (10th Cir. 2012). "[T]he Supreme Court has broadened *Feres*, to the point where it now encompass[es], at a minimum, *all* injuries suffered by military personnel that are even remotely related to the individual's *status as a member of the military*." *Id.* at 1027 (quoting *Pringle v. United States*, 208 F.3d 1220, 1223-24 (10th Cir. 2000)) (internal quotation marks omitted). "The paramount inquiry is whether the alleged constitutional violations are incident to the plaintiff's military service." *Id.* (quoting *Ricks v. Nickels*, 295 F.3d 1124, 1131 (10th Cir. 2002)).

Plaintiff alleges Defendants violated the law when she was "employed by the ROTC program as a *civilian* secretary." Am. Compl. ¶ 21 (emphasis added).[7] Construing

---

[7] This fact distinguishes this case from an unpublished Tenth Circuit decision cited by Defendants, *Morse v. West*, 172 F.3d 63 (10th Cir. 1999).

this allegation in the light most favorable to Plaintiff, the Court assumes Plaintiff's employment was not conditioned on her enrollment in the ROTC. *Cf. Martleton v. Temple*, 747 F.2d 1348, 1349-50 (10th Cir. 1984) (finding a technician's employment that was "contingent upon membership in the Colorado National Guard" was "clearly related to military employment"). Taking the allegations in the Amended Complaint as true, Plaintiff's claims are not incident to her military service, and Federal Defendants and Defendants Clark and Depew are not immune from such claims under *Feres*.

**C.** Title VII and the Rehabilitation Act

Federal Defendants argue Plaintiff failed to exhaust her administrative remedies for her Title VII and Rehabilitation Act claims. Doc. No. 43, at 24-27. Exhaustion of administrative remedies under both of these statutes is a condition precedent to suit. *See Gad*, 787 F.3d at 1036; *Greenlee v. U.S.P.S.*, 247 F. App'x 953, 955 (10th Cir. 2007) (unpublished) (citing *Johnson v. Orr*, 747 F.2d 1352, 1356-57 (10th Cir. 1984)). To exhaust these claims against Federal Defendants, Plaintiff "must initiate contact with a Counselor within 45 days" of the alleged discriminatory or retaliatory act. 29 C.F.R. § 1614.105(a)(1) (West); *see* § 1614.103(a). If not satisfied with the Counselor's efforts, she must then file a complaint with the EEO department of her employing agency within fifteen days of receiving notice of her right to file such a complaint from the Counselor. § 1614.106(a)-(b). After the EEO officer conducts an investigation and reaches a decision, Plaintiff can appeal to the EEOC and then to federal court. *Coffman v. Glickman*, 328 F.3d 619, 624 (10th Cir. 2003).

Plaintiff does not allege that she contacted a Counselor to attempt an informal resolution within forty-five days of a retaliatory or discriminatory act, or that she filed any complaint with a federal agency prior to seeking relief from the EEOC. She directs the Court to 29 C.F.R. § 1614.105(a)(2), which provides that "[t]he agency or the Commission shall extend the 45-day time limit" when the complainant "was not notified of the time limits and was not otherwise aware of them … or for other reasons considered sufficient by the agency or the Commission." Doc. No. 47, at 17. Even if extension of the time limit is appropriate in this case, that is a decision to be made by "[t]he agency or the Commission" when Plaintiff actually files a complaint, not by this Court when Plaintiff has not even attempted to initiate this mandatory process. In all of the cases Plaintiff cites in support of waiver of the time limit the plaintiff had already at least attempted to initiate the EEO process with the appropriate agency. *See Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1323 (10th Cir. 2002); *Jakubiak v. Perry*, 101 F.3d 23, 25 (4th Cir. 1996); *Johnson v. Runyon*, 47 F.3d 911, 915 (7th Cir. 1995). Because Plaintiff has not exhausted her administrative remedies under Title VII or the Rehabilitation Act against Federal Defendants, these claims are dismissed.[8]

**D.** Section 1983

Defendants Clark and Depew are the former Commanders of the Army and Naval ROTC programs at the University of Oklahoma. They argue Plaintiff fails to state a claim

---

[8] Because Plaintiff failed to exhaust, the Court does not address Federal Defendants' argument that they were not her employer under Title VII or the Rehabilitation Act. *See* Doc. No. 43, at 23-24.

under § 1983 because she is unable to demonstrate they were acting under color of state law. Doc. No. 44, at 13-14; Doc. No. 45, at 13-14; *see Hogan v. Winder*, 762 F.3d 1096, 1112 (10th Cir. 2014) ("[T]o succeed on a § 1983 claim, the plaintiff must also show that the alleged deprivation was committed by a person acting under color of state law." (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)) (internal quotation marks omitted)). In response, Plaintiff argues she is a joint employee of both the University of Oklahoma and Federal Defendants. Doc. No. 47, at 15, 21. She cites a Tenth Circuit opinion, *Bristol v. Bd. of Cnty. Comm'rs*, 312 F.3d 1213, 1215, 1218-19 (10th Cir. 2002), in which the court applied the "joint-employer" test to determine if the Board of County Commissioners of Clear Creek County, Colorado owed a duty to accommodate the plaintiff, an employee of the County Sheriff, under the Americans with Disabilities Act. Plaintiff cites no case in which a court has used the joint-employer test to conclude that a federal official was acting under color of state law such that s/he could be sued under § 1983. Absent such authority, and relying on the allegations concerning Defendant Clark's and Depew's positions within the U.S. Military and Navy, the Court dismisses Plaintiff's claim against them under § 1983.

# I. Conclusion

In accordance with the foregoing, the motions to dismiss, Doc. Nos. 37, 43, 44, 45, are GRANTED. Plaintiff may file a second amended complaint by Friday, August 21, 2015. The Court will not allow a third amended complaint.

IT IS SO ORDERED this 5th day of August, 2015.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE